IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 25- 01-UNA |
| | ) | |
| DARIN CATHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

### COUNT ONE
(Wire Fraud)

1. Darin Cathell was the Captain of the Bethany Beach Police Department. As second-in-command at the Department, Cathell's job was to protect the Town of Bethany Beach from crime. Instead, over the course of several years, Cathell stole more than $65,000 from the Town by claiming to work overtime that he did not, in fact, work.

*Overtime Grant Funding*

2. Between at least 2019 and 2024, the Town received public-safety-related grant funding from at least three sources: the Delaware Criminal Justice Council, the Delaware Fund to Combat Violent Crimes, and the Delaware Office of Highway Safety.

3. The grant funds administered by the Delaware Criminal Justice Council were federal funds—specifically, funds awarded through the Edward Byrne Memorial Justice Assistance Grant Program.

FILED

JAN - 3 2025

U.S. DISTRICT COURT DISTRICT OF DELAWARE

4. The Town used at least some of the grant funds from those three sources to pay for police overtime.

*Wire-Fraud Scheme*

5. Between December 2019 and January 2024, Cathell submitted claims for 249 overtime shifts, totaling more than 1,075 hours and more than $90,500.

6. Cathell did not, in fact, work at least 185 of those shifts, totaling at least 800 hours and at least $67,970.

7. In carrying out the scheme, Cathell completed overtime slips on which he made materially false and fraudulent representations—namely, representations that he had worked hours that he did not, in fact, work.

8. Cathell's fraudulent overtime slips were transmitted by wire communication in interstate commerce. And the payments caused by his fraudulent overtime slips were also transmitted by wire communication in interstate commerce.

*Charging Paragraph*

9. From in or about December 2019 to in or about January 2024, defendant Darin Cathell knowingly devised a scheme for obtaining money by means of materially false and fraudulent representations and, for the purpose of executing that scheme, transmitted writings and caused writings to be transmitted by means of wire communication in interstate commerce.

## NOTICE OF FORFEITURE

Upon conviction of the offense in violation of 18 U.S.C. § 1343 set forth in Count One of this Information, Defendant Darin Cathell shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting, or derived from, proceeds traceable to the offense, including but not limited to a forfeiture money judgment of $67,970.

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third party;
    c.    has been placed beyond the jurisdiction of the court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

DAVID C. WEISS
United States Attorney

By: *[signature]*
BENJAMIN L. WALLACE
Assistant United States Attorney

Dated: January 3, 2025